UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIS LEDESMA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　Defendants.<br>_____ | 3:13-cv-00102-RCJ-WGC<br><br>**ORDER**<br><br>re Docs. # 25, # 30 and # 34 |

Before the court are the following motions: (1) Plaintiff's Motion Identifying Unserved Defendants (Doc. # 25)[1]; (2) Defendants' Motion for Leave to File Confidential Documents in Support of Defendants' Response to Plaintiff's Motion Identifying Unserved Defendants and Last Known Address Under Seal (Doc. # 30); and (3) Plaintiff's Motion Identifying Unserved Defendants (second)/Order Compelling Warden to Allow Review of Employee Roster (Doc. # 34).

**I. Plaintiff's Motion Identifying Unserved Defendants (Doc. # 25)**

Plaintiff filed a motion seeking to identify unserved defendants. (Doc. # 25.) First, Plaintiff states that defendants on whose behalf the Attorney General did not accept service include Savino Espinoza, Adrian Guerrero, and Benjamin Kyker. Plaintiff claims that the Attorney General failed to file last known addresses under seal for these individuals and requests that they do so. Second, Plaintiff contends that service was not accepted on behalf of Correctional Officer Spivvy. He states that he has since found out that the defendant's name is in fact Correctional Officer Smitty, and asks that the Attorney General accept service on behalf of Correctional Officer Smitty. Third, Plaintiff indicates that service was not accepted on behalf of Correctional Officer Volden because there were two individuals by that name working during the time of the incident. Plaintiff contends that the Correctional Officer Volden involved in this incident is the younger of the two Voldens working during that time, and that Volden was

---

[1] Refers to court's docket number.

working in search and escort at the time and was not a Unit 8 housing officer. Finally, Plaintiff states that he named a Correctional Officer Garlet in his complaint, but the Attorney General did not state whether it was accepting service on behalf of this defendant.

The court issued an order directing the Clerk to issue summonses for defendants Espionza, Guerrero, and Kyker and send them to the U.S. Marshal with the addresses that had in fact been provided under seal (*see* Doc. # 22); that the Clerk send Plaintiff three USM-285 forms, copies of the amended complaint and a copy of the order, and gave Plaintiff twenty days to fill out the forms and return them to the U.S. Marshal for service. (Doc. # 26.) With respect to the other service issues, the court ordered Defendants to file a response. (Doc. # 28.) As the court previously indicated (Doc. # 26), Plaintiff's motion is **GRANTED** in this respect.

Defendants filed a response. (Doc. # 31.) First, they contend that while Plaintiff corrected the name of Corrections Officer Spivvy to Corrections Officer Smitty, there is still no person with the last name Smitty on the 2011 Employee Roster, and they have contemporaneously filed a motion for leave to file the roster under seal with the court. Therefore, they contend that they cannot accept service on behalf of Corrections Officer Smitty. Insofar as Plaintiff's motion requests that the Attorney General accept service on behalf of Correctional Officer Smitty, his motion is **DENIED**.

Second, with respect to Correctional Officer Volden, Defendants state that after an investigation they determined the younger of the two Voldens is Jason Volden, but he no longer works for the Nevada Department of Corrections. Therefore, they cannot accept service on his behalf. (Doc. # 31 at 2.) They did file his last known address under seal. Insofar as Plaintiff's motion asks that the Attorney General be required to accept service on behalf of this defendant, his motion is **DENIED**. The court has, however, issued an order that the Clerk issue a summons for this defendant and that Plaintiff be provided with the USM 285 form which he is to complete and return so that the U.S. Marshal can attempt to serve defendant Volden. (Doc. # 36.)

Finally, as to Correctional Officer Garlet, Defendants assert that the 2011 employee roster (the subject of the motion for leave to file under seal) reveals no employee with the last name Garlet, Garlette, Gurlet or any other iteration of that name. Therefore, they cannot accept service on behalf of this defendant. Insofar as Plaintiff's motion requests that the Attorney General accept service on behalf

of Correctional Officer Garlet, his motion is **DENIED**.

**II. Defendants' Motion for Leave to File Confidential Documents in Support of Defendants' Response to Plaintiff's Motion Identifying Unserved Defendants and Last Known Address Under Seal (Doc. # 30)**

In connection with their response, Defendants have filed a motion seeking leave of court to file the referenced portions of the employee rosters as well as the last known addresses under seal. (Doc. # 30.) The rosters show the names of all Nevada Department of Corrections employees whose surnames begin with the letter "S" and "G" to show there was neither a Smitty nor a Garlet listed as an employee as of October 2011, when Plaintiff's claims occurred. They contend that the names of the other employees are confidential and should be kept out of the record, consistent with Nevada Department of Corrections Regulations and the Nevada Administrative Code. They contend Plaintiff will not be prejudiced as a result of this action because most of the roster contains irrelevant information, and anyone who did not work at Southern Desert Correctional Center (SDCC) at the time of Plaintiff's claims could not be involved in his case. They agree, however, to provide a redacted version of the list containing only persons who worked at SDCC to the Warden and Plaintiff can kite to see the redacted list. They also contend that the last known address of the defendants should likewise be kept out of the public record. They claim Plaintiff will not be prejudiced because the court can order the issuance of summonses to be served by the U.S. Marshal to the addresses filed under seal.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant

materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

A motion to seal documents filed in connection with a non-dispositive motion must meet the "good cause" standard. *Oliner*, 745 F.3d at 1025 (citation omitted). Here, the court recognizes the need to keep the identity of individual Nevada Department of Corrections employees who are not involved in this litigation confidential. The court likewise recognizes that the last known addresses of former Nevada Department of Corrections employees should remain confidential in light of safety and security concerns that would be posed if this information were made available to the public. Accordingly, the court finds Defendants have established "good cause" for filing these exhibits under seal and their motion (Doc. # 30) is **GRANTED**.

**III. Plaintiff's Motion Identifying Unserved Defendants (second)/Order Compelling Warden to Allow Review of Employee Roster (Doc. # 34).**

In this motion, Plaintiff first asks that defendant Volden be served at the last known address filed under seal. The court has already entered an order to this effect (Doc. # 36); therefore, Plaintiff's motion is **GRANTED** in this respect.

Second, Plaintiff asks for an order compelling the Warden at Lovelock Correctional Center (LCC) (where he is currently housed) to allow Plaintiff to review the 2011 SDCC employee roster, as the Attorney General represented that a redacted version of this would be provided to the Warden. Defendants filed a response to this motion indicating that they do not oppose Plaintiff having access to the redacted version of the employee roster, the roster was sent to the Warden's office on June 25, 2014, so that Plaintiff may kite to review it if he has not already done so. (Doc. # 38.) They also state that Plaintiff's motion for an order compelling his review is premature or moot because he has not included evidence that he kited the Warden and was unable to review the roster. (*Id*.) Plaintiff filed a reply. (Doc. # 43.) He contends that he has sent two requests to the Warden to review the roster-the first request went unanswered, and after sending a second request he was still unable to review the roster. (*Id*.) He consulted his caseworker and was told that if he disagreed with the Warden's response he could file a grievance. He contends that without a court order, he will not be able to review the roster. Plaintiff

includes a request to the Warden to review the 2011 roster that Deputy Attorney General Barraclough provided related to active litigation. (Doc. # 43 at 3.) He was told: "This request does not meet the guidelines sent by the A.G." (*Id.*)

The court is troubled by the fact that the Attorney General's Office has represented that Plaintiff need merely kite the Warden's office to review the roster, but Plaintiff claims that when he did exactly that he was unable to review the document. It should not be necessary for the court to interject itself into the minutia of an inmate litigant gaining access to a document which the Attorney General's Office has represented he may review; however, it appears the Attorney General's Office has not conveyed this message to the Nevada Department of Corrections.[2] Therefore, the court will **GRANT** Plaintiff's request for an order compelling NDOC to permit him to review the roster.

Defendants' counsel is directed to coordinate with the Warden's office of the Lovelock Correctional Center, within **seven (7) days** of the date of this Order, an opportunity for Plaintiff to inspect the redacted employee roster. Defendants' counsel is to thereafter promptly submit a notice to the court that this inspection has been completed.

**IT IS SO ORDERED**.

DATED:   July 31, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants' Limited Opposition also states Plaintiff's motion was premature because the roster had already been sent to the Warden's office and has been available for review. Defendants state they did not know–and apparently did not attempt to verify–if during the month-long period that the roster has been with the Warden's office whether Plaintiff had kited the Warden's office to request a review of the roster. (Doc. # 38 at 2.) Apparently Plaintiff had done so–but to no avail.