UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LOUIS LEDESMA, | ) | 3:13-cv-00102-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Doc. # 48** |
| STATE OF NEVADA, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion Identifying Unserved Defendants (3rd)/Motion Ordering Service by Publication. (Doc.# 48.)[1] Plaintiff seeks to effect service by publication upon Defendants Espinoza, Guerrero, Kyker and Volden. He also seeks to substitute "C/O Richard Smith and/or C/O Dennis Stuckey" for the individual his amended complaint names as "Smitty" or "Spivvy" (*id* at 2). He similarly seeks to have C/OT Lamar Gibson and/or C/O Timothy Green" substituted for the defendant identified as "Garlet."

Defendants responded to Plaintiff motion. (Doc. # 51.) Although Defendants request this court require Plaintiff to verify his ability to pay for the costs of publication, they do not oppose Plaintiff's request. (*Id.,* at n.1, p. 2.) However, Defendants object to substituting multiple individual correctional officers in place of "Smitty, Spivvy" or "Garlet." (*Id*.)

In Plaintiff's reply memorandum, he states he has a "family friend" who will bear the costs of service by publication. (Doc. # 52 at 1-2.) Plaintiff states the Marshal's return reflects service was not effected on Defendant Volden so he wants the service by publication to extend to him as well.

Plaintiff also states that he is "now confident" that the person he sued as "Spivvy/Smitty" is Richard Smith and submits that Lamar Gibson should be substituted for the person he sued as "Garlet."

---

[1] Refers to court's docket number.

(*Id*., at 2.)[2]

After receipt of Plaintiff's reply memorandum the court instructed Defendants to respond to Plaintiff's contention "Spivvy/Smitty" is Richard Smith and that "Garlet's" name is Lamar Gibson. Doc. # 54.) Defendants filed a sur-reply. (Doc. # 56.) Although Defendants were skeptical about Plaintiff's identification of these two defendants, Defendants did not object to the substitution of Richard Smith and Lamar Gibson as defendants. (*Id.* at 2.)

Therefore, the component of Plaintiff's motion (Doc. # 48) which seeks to substitute as defendants Richard Smith, in place of "Smitty or Spivvy," and Lamar Gibson for "Garlet" is **GRANTED.**

### SERVICE

Defendants' counsel has accepted service of Plaintiff's action on behalf of Lamar Gibson. Defendants' counsel has advised Defendant Richard Smith no longer works for the Nevada Department of Corrections. Mr. Smith's last known address was filed under seal. (Doc. # 58.) If plaintiff wishes to have the U.S. Marshal attempt service on this defendant, he shall follow the instructions contained in this order.

The Clerk shall issue a summons for Richard Smith and send the same to the U.S. Marshal with the address provided under seal (Doc. # 57). The Clerk shall also send one copy of the complaint and one copy of this order to the U.S. Marshal for service on the defendant. The Clerk shall send to plaintiff one USM-285 form. Plaintiff shall have until **Monday, November 3, 2014,** to complete the USM-285 service form and return it to the U.S. Marshal, 400 South Virginia Street, Room 201, Reno, Nevada 89501.

### PUBLICATION

Plaintiff's motion also seeks to serve Defendants Espinoza, Guerrero, Kyker and Volden by publication. Plaintiff's motion presents a myriad of problems.

Nevada Rule of Civil Procedure 4(e)(1)(i), which the court is to follow for service by publication

---

[2] Plaintiff's Reply also contends the doctrine of "respondeat superior liability" should apply. (*Id.* at 3.) As District Judge Miranda M. Du noted in the screening order, "there is no *respondeat superior* vicarious liability under § 1983 for the alleged acts of subordinates." (Doc. # 9 at 11.) Although Plaintiff's request is no more than that at this time, Plaintiff's request is **denied** for the reasons Judge Du noted.

2

in a federal action, requires the party seeking service by publication to submit an affidavit of due diligence verifying:

>   (1) the last known address of the defendant and the last date the party lived there;
>
>   (2) that the party no longer lives at that address; and,
>
>   (3) the present address of the defendant is unknown.

The court finds Plaintiff has satisfied these statutory requirements in light of the constraints of his incarceration. *See*, Doc. ## 20, 21, 22, 23, 26, 27, 28, 29, 33, 36, 37, 39, 40, 44, 45 and 46, which documents reflect, *inter alia*, orders of the court directing Plaintiff to effect service upon the defendants, the notices of the Office of the Attorney General advising the Office was unable to accept service on behalf of Defendants Guerrero, Espinoza, Kyker and Volden, the Office's filing of their last known addresses under seal and the returns of service of the U.S. Marshal reflecting unsuccessful attempts to serve Defendants Guerrero, Espinoza, and Volden.[3]

However, the court is concerned as to which newspapers Plaintiff plans to publish his notices of service by publication. A core requirement of the Federal Rules of Civil Procedure is that service must be effected in such a manner as to reasonably apprise the unserved defendant of the pending lawsuit so that the defendant may fairly respond to the lawsuit. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co, Ltd.*, 484 U.S. 97, 104 (1987). Similarly, Nevada strictly construes statutory provisions for acquiring jurisdiction over a defendant by other than personal service. *Foster v. Lewis*, 372 P.2d 679 (Nev. 1972); *McNair v. Rivera*, 874 P.2d 1240 (Nev. 1994); *Gassett v. Snappy Car Rental*, 906 P.2d 258 (Nev. 1995). Service by publication in a newspaper in, for example, Las Vegas, would likely not reasonably inform a defendant of the lawsuit if he is living in, for example, Ely. Therefore, a plaintiff seeking to effect service by publication will have to explain to the satisfaction of the court the reasonably probable last known address of each defendant, and as to each defendant, in what newspaper plaintiff plans to publish.

However, the court recognizes that because the addresses of the defendants were filed "under seal," Plaintiff will not be aware of the locale of the Defendants' last known addresses and, accordingly, would not be able to ascertain what newspaper would be appropriate to publish notice. Therefore,

---

[3] To date, no return of the USM form reflecting service on Defendant Kyker has been returned to the court.

3

1  Defendants' counsel is directed to file with the court, and serve Plaintiff, a notice listing the cities of the
2  last known residence of each of the defendants. If, however, Defendants' counsel contends such notice
3  would present any security concerns, Defendants shall lodge a request for reconsideration of the Notice
4  requirement with the court.[4]
5      At the present time, final resolution of Plaintiff's motion to effect service by publication is
6  deferred until further consideration of these issues.
7  IT IS SO ORDERED.
8  DATED:  October 10, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendants should bear in mind the duty station or city of assignment of every federal judge is public information. If counsel intends to contest this requirement, counsel will have to demonstrate how such disclosure would present a security issue greater than that for every federal judge – or for that matter, every deputy attorney general. Defendants' counsel is also directed to submit an alternative manner in which Plaintiff could be advised of the Defendant's general residence so that the appropriate newspaper could be selected.