# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LOUIS LEDESMA, | ) | 3:13-cv-00102-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Doc. ## 48, 64** |
| STATE OF NEVADA, et al., | ) | |
| Defendants. | ) | |

In this action, Plaintiff Louis Ledesma seeks damages and injunctive relief from numerous named and fictitiously named defendants in twenty-one (21) numbered counts arising out of alleged incidents at Southern Desert Correctional Center. This order addresses issues pertaining to the U.S. Marshal's inability to serve certain of the defendants and Plaintiff's request to proceed with substituted service by publication as to those named parties.

More specifically, the U.S. Marshal has been unable to effect service on named defendants Espinoza, Guerrero and Kyker. Plaintiff made a motion to this court that the court authorize service by publication upon these defendants. (Doc. # 48.)[1] The Defendants' only objection to the Plaintiff's request for substituted service was that the Plaintiff should first demonstrate an ability to pay for publication fees. (Doc. # 51 at 2, n.1.) Plaintiff's reply memorandum represented that a "family friend," who is a "certified paralegal, "would be willing to sustain the cost that may incur from said requested publication." (Doc. # 52 at 1.) Plaintiff later requested to include Defendant Volden among the defendants as to whom he sought service by publication because the Marshal was unable to serve Volden as well. (*Id.* at 2.)

The court addressed Plaintiff's motion in an order dated October 10, 2014. (Doc. # 59.) The court found Plaintiff had satisfied certain of the publication requirements of Nevada Rule of Civil Procedure

---

[1] Refers to court's docket number.

4(e)(1)(i), with which the litigant is to comply for service by publication in a federal action. (Doc. # 59 at 2-3.) However, the court expressed concern as to which newspapers Plaintiff planned to publish his notices. By the state rule, a notice of service should be published in a newspaper which would be determined to reasonably apprise the defendant of the pending litigation. More specifically, the court ruled a notice should be published in a newspaper in proximity to the last known address of the defendant. (*Id*.)

The further problem affecting Plaintiff potential service by publication was that the last known addresses of the defendants were filed under seal. As such, Plaintiff would not be aware of the defendants' last known addresses and would not be able to ascertain what newspaper would be appropriate to publish the notices. (*Id.* at 3.) Therefore, Defendants' counsel was ordered to file with the court and serve on Plaintiff a notice listing the cities of the last known residences of the subject defendants. (*Id.* at 3-4.) Defendants thereafter filed a Notice of Compliance indicating the cities of residence of Defendants Espinoza (Salinas, California); Guerrero (Apple Valley, California); and Volden (Las Vegas, Nevada). Defendants' Notice provided the last known city of residence of Defendant Smith (Henderson, Nevada), in the event personal service on Defendant Smith is unsuccessful and "to save paper and avoid judicial inefficiency." (Doc. # 64 at n.1.)[2]

Defendants also moved for reconsideration of the court's order regarding service by publication on Defendant Kyker. Kyker is a former NDOC correctional officer who himself is now apparently incarcerated. (Doc. # 64 at 2.) Defendants' counsel expresses concern that if Defendant Kyker were served by publication "in the small, out-of-state prison town that Kyker resides in," it is possible his former employment could be revealed and, if so, he "could be targeted for his prior role on the other side of the bars." (*Id*.)

The court conducted another case conference November 19, 2014, on the aforementioned matters. The court authorized service by publication on the Defendants (discussed below). As to Defendant Kyker, however, the court deferred ruling on Plaintiff's request to serve him by publication to allow Deputy Attorney General Barraclough the opportunity to contact now inmate Kyker and address

---

[2] As of this date, it appears that no service has been effected on Defendant Smith. (Doc. # 60.)

2

with him whether he would be willing to allow the Nevada Attorney General's Office to accept service on his behalf (and thus avoid possible service by publication). Deputy Attorney General Barraclough was also requested to advise Defendant Kyker if he did not authorize the Office of the Attorney General to accept service that the only alternative available to the court would be to authorize service by publication.

Accordingly, Defendants' Motion for Reconsideration (Doc. # 64) is **GRANTED IN PART** and **DENIED IN PART,** consistent with this order and with the court's proceedings on November 19, 2014. Plaintiff's motion (Doc. # 48) with respect to service by publication on Defendant Kyker is **DEFERRED.**

Plaintiff's motion (Doc. # 48) and supplement for service by publication on Defendants (Doc. # 52) is **GRANTED** as to Defendants Espinoza, Guererro and Volden. If the Marshal cannot effect service on Defendant Smith, service by publication is also **GRANTED** as to Defendant Smith.

The court addressed with Defendants' counsel newspapers in which the notices should be published so as to afford notice to the Defendants as to the pending litigation. Defendants' counsel suggested, and the court concurred, that the newspapers Plaintiff shall utilize, located in or near the cities of last known residence of the Defendants, are as follows:

| Defendant | Last Known City of Residence | Newspaper |
| --- | --- | --- |
| Guerrero | Apple Valley, California | *Victorville Daily Press* |
| Espinoza | Salinas, California | *Salinas Californian* |
| Volden | Las Vegas, Nevada | *Las Vegas Review-Journal* |
| Smith | Henderson, Nevada | *Las Vegas Review-Journal* |

Any Notice published as to any defendant shall be promptly filed with the court by Plaintiff and also promptly served by Plaintiff upon Defendants' counsel. To satisfy Nev. R. Civ. P. 4(e)(1)(iii), after counsel for Defendants is provided with any Notice published by Plaintiff, Defendants' counsel shall promptly deposit the Notice in the post office directed to the named Defendant identified in the Notice at the Defendant's last known place of residence. Defendants' counsel shall also file with the court a Notice of Compliance with this requirement, without disclosing, however, the precise address of mailing.

///

Last, Plaintiff is also required to comply with Nev. R. Civ. P. 4(g) which states:

(g) *Return.* The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to the process. Proof of service shall be as follows:

* * *

(3) In case of publication, the affidavit of the publisher, foreman or principal clerk, or other employee having knowledge thereof, showing the same, and an affidavit of a deposit of a copy of the summons in the post office, if the same shall have been deposited. * * *

IT IS SO ORDERED.

DATED: November 20, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE