UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LUIS LEDESMA, ) | 3:13-cv-00102-MMD-WGC |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| vs. ) | November 19, 2014 |
| STATE OF NEVADA, *et al.,* ) | |
| Defendants. ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:  <u>           FTR           </u>

COUNSEL FOR PLAINTIFF:  <u> Luis Ledesma, In Pro Per (Telephonically)      </u>

COUNSEL FOR DEFENDANTS:  <u>  Andrea Barraclough, Esq. (Telephonically)   </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:00 a.m.  Court convenes.

  The court holds today's hearing to address Plaintiff's "Motion for Ruling Upon (FRCP 60) Reconsideration/Briefing Schedule Abeyance" (Doc. # 62), Plaintiff's "Motion for Enlargement of Time" (Doc. # 63) and Defendants' "Motion for Reconsideration of the Court's October 10, 2014, Order [#59] as to Defendant Benjamin Kyker and Notice of Compliance as to the Other Unserved Defendants" (Doc. # 64).

**A.**   **Plaintiff's Motion for Ruling Upon (FRCP 60) Reconsideration/Briefing Schedule Abeyance (Doc. # 62) and Motion for Enlargement of Time (Doc. # 63)**

  Plaintiff's Motion for Ruling Upon (FCRP 60) Reconsideration/Briefing Schedule has two components.  The first component addresses the matter of Plaintiff's request for reconsideration (Doc. # 24) as to the order entered by District Judge Du on 2/18/14 (Doc. # 9).  This component of Plaintiff's motion will be reviewed and decided by District Judge Du and will not be addressed during today's hearing.

  The second component of Plaintiff's motion is with regard to establishing a "briefing schedule," which will be construed by the court as a request to revise the scheduling order.  The

Minutes of Proceedings
3:13-cv-000102-MMD-WGC
November 17, 2014

motion appears to be a duplicative request Plaintiff seeks in his motion for enlargement of time (Doc. # 63).  The court addresses both Doc. # 62 and Doc. # 63 simultaneously as they both relate to the establishment of a revised scheduling order.

The court finds good cause to amend the discovery deadlines set forth in the current scheduling order (Doc. # 41).  The amended discovery deadlines are as follows:

Amending the pleadings: January 16, 2015;

Extensions of discovery: January 16, 2015;

Discovery cut-off: January 30, 2015;

Dispositive motions: February 27, 2015; and

Joint Pretrial Order: March 27, 2015 - unless, in the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court.

The court notes Plaintiff may also proceed to conduct discovery on the state law claims because the court does not interpret the screening order as barring the pendent state law claims asserted in Counts VIII, IX and X (Doc. # 9 at 10).

In view of the revised scheduling order, Plaintiff's Motion for Ruling Upon (FCRP 60) Reconsideration/Briefing Schedule (Doc. # 62) as to the component regarding establishing deadlines for discovery, and Plaintiff's Motion for Enlargement of Time (Doc. # 63), are **GRANTED**.

**B.    Defendants' Motion for Reconsideration of the Court's October 10, 2014, Order [#59] as to Defendant Benjamin Kyker and Notice of Compliance as to the Other Unserved Defendants (Doc. # 64)**

For the record, the court identifies the unserved Defendants in this matter as being Espinoza, Guerrero, Volden and Kyker.  The court indicates service as to defendant Smith is currently being undertaken by the United States Marshal's Office.

The court and parties discuss the subject of Defendants' Motion for Reconsideration (Doc. # 64) as it relates to service by publication as to defendant Kyker.

Minutes of Proceedings
3:13-cv-000102-MMD-WGC
November 17, 2014

      The court acknowledges Defendants' concerns regarding the potential risk associated with service by publication as to defendant Kyker because of his current incarceration status. Therefore, before the court takes any action regarding service as to Kyker, DAG Barraclough is directed to make one final attempt to contact Kyker.  If Ms. Barraclough is successful contacting Kyker, she should advise him of the current case pending in this district against him and inquire whether he intends to seek the Attorney General's ("AG") Office to accept service on his behalf. Ms. Barraclough shall file a notice advising the court of the outcome of her attempt to contact Kyker.

      In view of the court's directive, Defendants' Motion for Reconsideration (Doc. # 64) is **GRANTED in part** and **DENIED in part** consistent with the discussions had today.  Service upon defendant Kyker is deferred at this time and will be addressed in a separate order.

      The court next addresses the subject of service by publication upon defendants Espinoza, Guerrero, Volden, Smith (and possibly Kyker).  Mr. Ledesma indicates his intentions are to continue with service by publication as to the Defendants identified above if allowed.

      The court authorizes Plaintiff to effect service by publication as to Espinoza, Guerrero, and Volden.  Service by publication as to defendant Smith is also authorized should the U.S. Marshal's attempt to serve Mr. Smith at his last known address be unsuccessful.  As will be discussed in a written order, if service by publication is undertaken, Mr. Ledesma is directed to file a copy of the notice with the AG's Office.

      The court and Ms. Barraclough discuss newspapers acceptable to the Defendants' counsel for Plaintiff to utilize for service by publication as to the unserved Defendants, with the exception at present of Kyker.  Again, the court will defer any order as to service upon Kyker until Ms. Barraclough makes her final attempt to contact Kyker and ascertain his intentions with regard to possible acceptance of service.

      The court advises the parties it will supplement its original order regarding Plaintiff's request to serve by publication (Docs. ## 48, 59 and 64)  forthwith.

10:34 a.m.  Court adjourns.

**IT IS SO ORDERED.**

                                               LANCE S. WILSON, CLERK

                                               By:        /s/
                                                    Katie Lynn Ogden, Deputy Clerk