UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUIS LEDESMA,<br><br>                              Plaintiff,<br>    v.<br>STATE OF NEVADA, et al.,<br><br>                              Defendants. | Case No. 3:13-cv-00102-MMD-WGC<br><br>ORDER<br><br>(Plaintiff's Motion for Relief of Judgment – dkt. no. 24) |

Before the Court is Plaintiff's Motion for Relief of Judgment (FRCP 60). (Dkt. no. 24.) Defendants have filed an opposition (dkt. no. 42) and Plaintiff has filed a reply (dkt. no. 35). For the reasons discussed herein, Plaintiff's Motion is denied.

This is a prisoner's civil rights action filed pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's amended complaint and permitted the following claims to proceed: Eighth Amendment claim in Count I; First Amendment claim in Count VI; First Amendment Claim in Count VII; Eighth Amendment claim in Count VIII; Eighth Amendment claim in Count IX; Eighth Amendment claim in Count X; Eighth Amendment claim in Count XI; First Amendment claim in Count XIII; and First Amendment claim in Count XVI. (Dkt. no. 9.) The Court found that the following counts fail to state a claim and dismissed them without prejudice: Counts II, III, IV, V, XII, XIV, XV, XVII and XVIII. The Court also declined to address the pendent state law claims in Counts XIX, XX and XXI.[1] Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake,

---

[1]These three counts allege pendent state law claims against the defendants named in the federal law Counts VIII, IX and X based upon the attacks and harassment alleged therein.

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik,* 243 F.3d 549, 549 (9th Cir.2000); s*ee also De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir.2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States,* 256 F.Supp.2d 1180, 1183 (D.Nev.2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)).

Plaintiff has not offered a valid reason for the Court to revisit its Order. In his Motion, Plaintiff asks the Court to amend the Order to "determine the pending state law claims (NRS 41.031 and NRS 41.032)." (Dkt. no. 24.) Plaintiff then identified all counts dismissed without prejudice as part of his reconsideration request. In his reply brief, Plaintiff modified his request to exclude Counts XII, XIV, XV, XVII and XVIII. However, Plaintiff fails to offer any reason to justify his request. The Court declines to reconsider its carefully reasoned Order.

It is therefore ordered that Plaintiff's Motion for Relief of Judgment (dkt. no. 24) is denied.

DATED THIS 27th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE