UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| LUIS LEDESMA, | ) | 3:13-cv-00102-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 27, 2015 |
| | ) | |
| STATE OF NEVADA, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's "Motion to Compell (sic) FRCP 37." (Doc. # 93.) Defendants have responded in a document entitled "Response to Plaintiff's Second Request for Production of Documents and Discovery Pursuant to FRCP 34." (Doc. # 103.)[1] Plaintiff has replied. (Doc. # 106.)

Plaintiff's discovery motion is not in compliance with the Local Rules. Local Rule 26-7 provides that "all motions to compel discovery...shall set forth in full the text of the discovery originally sought and the response thereto, if any." Plaintiff's motion seemingly seeks a court order to compel production of "privileged documents and other tangibles under seal," (Doc. # 93 at 2.) Plaintiff's motion, however, provides no specific documentation to the court as to what the underlying discovery request actually sought, what the response was and why it is objectionable. By reason of Plaintiff's failure to attach the disputed discovery responses, the court is left with an interpretation of Defendants' responsive argument and Plaintiff's reply and for that reason, Plaintiff's motion (Doc. # 93) is **DENIED IN PART**, consistent with this Order. Nevertheless, the court will still address what the court discerns from Defendants' responsive memorandum and Plaintiff's reply as being the gravamen of this discovery dispute.

**1)   Medical Records (Doc. # 103 at 1-2)**
Plaintiff agrees that the appropriate procedure for him to review his medical records is to kite the Warden's Office, and therefore this contention is **moot.** (Doc. # 106 at 1.)

---

[1] The court interprets Defendants' response was meant to be an *opposition* to Plaintiff's motion to compel in contrast to being a "response to discovery," as it is titled. (Doc. # 103.)

MINUTES OF THE COURT
3:13-cv-00102-MMD-WGC
Date:  April 27, 2015
Page 2

**2)     Inspector General Recordings (Doc. # 103 at 2)**

Apparently one of Plaintiff's requests for production were recordings of either an "IG Investigation" or "Classification Review." Defendants state that there are no "tapes responsive to this request." (Doc. # 103 at 2.) However, it appears that the Attorney General's Office has also not yet requested its clients to undertake a review to ascertain whether in fact such tapes exist. Nevertheless, Defendants state that "if indeed such recordings exist, copies of same will be given to the Warden's Office and Plaintiff may kite for their review."  In view of Defendants' representations, within **ten (10) days** of this order, the Attorney General's Office shall file a notice with the court advising whether there are any tapes or recordings "responsive to this request" and if yes, confirming that Plaintiff has been afforded an opportunity to listen to them.

**3)     NDOC Employee Disciplinary Records (Doc. # 103 at 2)**

Again, although the court does not have a copy of the formal request Plaintiff made in this respect, it appears that Plaintiff was seeking disciplinary records "that allude (sic) inmate abuse and/or misconduct towards the same." (Doc. # 106 at 3.) A request for any and all disciplinary records against NDOC officials in general would not be relevant to the issues at bar in this case and would require the court to consider evidence extraneous to the allegations of Plaintiff's action.  At best, the only relevant records would be, as Defendants admit, "whether any of the Defendants who remain in this lawsuit have been disciplined for use of excessive force." (Doc. # 103 at 2.) The Defendants state that Plaintiff should have submitted an "interrogatory" to this effect; the court disagrees. The discovery Plaintiff is apparently seeking should not be requested via an interrogatory, but rather a request for production which, circumstantially, it appears Plaintiff has made. Nevertheless, irrespective of whether the discovery is sought by means of an interrogatory or a request for production, Defendants indicate they would make available to Plaintiff for review employment records reflecting any Defendants' disciplinary records for excessive force. (Doc. # 103 at 2.)

Therefore, also within **ten (10) days** of this order, Defendants' counsel is directed to make available to Plaintiff records "of the Defendants who remain in this lawsuit" who have "been disciplined for use of excessive force," if any, and file a notice of completion of review by Plaintiff if such documents exist.

**4)     Power of Attorney to Sloan Sexner**

The Defendants are under no obligation to produce any records to an individual who supposedly has a power of attorney for Plaintiff.  With respect to this litigation, only an attorney could receive such materials, or if proceeding pro se, the Plaintiff himself.

**IT IS SO ORDERED.**

                                              LANCE S. WILSON, CLERK

                                      By:      /s/
                                              Deputy Clerk