UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUIS LEDESMA,<br><br>                Plaintiff,<br><br>     v.<br><br>STATE OF NEVADA, *et al*,<br><br>                Defendants. | Case No. 3:13-cv-00102-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 131) ("R&R"), recommending that the Court grant in part and deny in part Defendants' Motion for Summary Judgment ("Motion") (dkt. no. 124). An objection to the R&R was timely filed by Defendants (dkt. no. 132).

**II.    BACKGROUND**

Plaintiff, who is proceeding *pro se*, is an inmate in the custody of the Nevada Department of Corrections. He asserts twenty-one (21) numbered counts arising out of alleged incidents at Southern Desert Correctional Center ("SDCC"). After screening pursuant to under 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on the following claims: count I for failure to protect based on an incident that occurred on March 22, 2011; count VI for retaliation on September 17, 2011, for tampering with his food due to Plaintiff's exercise of his First Amendment right to complain about a prior alleged retaliatory harassment; count VII for First Amendment retaliation; counts VIII, IX

and X for Eighth Amendment excessive force; count XI for Eighth Amendment deliberate indifference; and counts XIII and XVI for retaliation. (Dkt. no. 9.) The allegations relating to these claims are summarized in the Magistrate Judge's R&R, which the Court adopts. (Dkt. no. 131 at 1-3.)

### III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.  DISCUSSION

In response to Defendants' Motion for Summary Judgment, the Magistrate Judge recommends denying summary judgment as to the following: count I as to Defendants Ponozzo and Trautman; counts VII, VIII and IX; and counts X and XI as to Defendants

Lefler, Stevens, Daniel and Volden. (Dkt. no. 131.) The Magistrate Judge recommends granting summary judgment on the remaining counts. (*Id.*) Defendants objected to the recommendation to deny summary judgment. (Dkt. no. 132.) The Court will adopt the recommendation to grant summary judgment since neither party has objected to such recommendation. *See Thomas*, 474 U.S. at 149. The Court will address Defendants' objection.

Defendants raise three primary general objections to the portions of the R&R that recommends denying summary judgment. First, Defendants argue that the Magistrate Judge "credits Plaintiff with the benefit of accepting his allegations as true" even though Plaintiff failed to satisfy his burden of offering evidence to support his assertion under Fed. R. Civ. P. 56(c)(1)(a) or put forth any evidence to oppose summary judgment. (Dkt. no. 132 at 2-3, 7, 12-13.) However, courts must consider a *pro se* party's contentions offered in motions and pleadings as evidence in his opposition to the motion for summary judgment "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas,* 393 F.3d 918, 923 (9th Cir. 2004). Plaintiff's amended complaint is verified and he attested to the allegations in his amended complaint under penalty of perjury. (Dkt. no. 11 at 34.) Thus, the Magistrate Judge properly considered Plaintiff's allegations.

Second, Defendants object to the Magistrate Judge allowing certain claims to survive even though Plaintiff did not specifically refute the arguments raised in Defendants' Motion. (Dkt. no. 132 at 3, 12.) Defendants rely on LR 7-2(d). *Pro se* litigants are of course required to follow the same rules of procedure that govern other litigants. *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165 (1985). However, just as dismissal of an action cannot be based solely on a plaintiff's failure to file an opposition memo, it is not improper for the Court to evaluate the merits of a party's argument despite a *pro se* litigant's failure to specifically respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (quoting *Henderson v.*

4

*Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (When a district court considers dismissal of a case pursuant to a rule like Civil Local Rule 7.1(f)(3)(c), it is required to weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions.").

Finally, Defendants assert that the Magistrate Judge improperly considered a theory for relief — failure to intervene by Defendants other than Brooks — that is not specifically alleged in the amended complaint. (Dkt. no. 132 at 7, 11, 12.) Defendants allege that Plaintiff did not specifically plead that Trautman failed to intervene in count I and Daniel and Volden failed to intervene in count X. (Dkt. no. 132 at 7, 12.) Courts must liberally construe documents filed by *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Viewing Plaintiff's amended complaint under this liberal pleading standard, Plaintiff sufficiently pleaded failure to protect claim against Trautman and excessive force claim against Daniel and Volden. The Magistrate Judge properly considered these claims.

The Court will next address the additional arguments that are specific to some of the counts which the Magistrate Judge recommends denying summary judgment.

### A.     Count I

Defendants argue that the Magistrate Judge improperly imputes Defendants' awareness of a current danger based on Plaintiff's prior classification in considering the second prong of a failure to protect claim. (Dkt. no. 132 at 5.) The second prong of this claim is a subjective element. *Hearns v. Terhume,* 413 F.3d 1036, 1040 (9th Cir. 2005); *Lemire v. Cal. Dep't of Corrs. & Rehab.,* 726 F.3d 1062, 1074-78 (9th Cir. 2013). The plaintiff must establish that the officials were deliberately indifferent — that is, they disregarded their subjective awareness of the risk without reasonable justification. *Lemire,* 726 F.3d at 1077-78. It is not enough that officials were aware of facts from

5

1 which they could have inferred the presence of an excessive risk; they must also "draw the inference." *Id.* at 837.  Circumstantial evidence, or the fact that the risk was obvious, may be sufficient to establish a prison official's deliberate indifference. *Cortez v. Skol,* 776 F.3d 1046, 1050 (9th Cir. 2015 (citation omitted).

The Magistrate Judge found that a disputed issue of fact exists as to whether Ponozzo acted with deliberate indifference. The Magistrate Judge made this finding based on more than just Plaintiff's allegation that Ponozzo knew Plaintiff was on protective custody because he was involved in Plaintiff's classification hearing as Defendants suggest in their objection. The Magistrate Judge found that there is genuine material dispute as to whether Plaintiff actually requested to be placed on "walk alike" status and whether Unit 8 personnel, including Ponozzo, who were on regular duty in Plaintiff's unit, knew that he was in protective custody because they observed him being in protective custody. (Dkt. no. 131 at 8-9.) The Court agrees with the Magistrate Judge that viewing this evidence in the light most favorable to Plaintiff, a rational trier of fact could find that Ponozzo was deliberately indifferent to satisfy the subjective prong.

Defendants challenge the R&R's finding that Ponozzo did not intercede in the attack after letting Plaintiff out of his cell. (Dkt. no. 132 at 6.) Plaintiff testified that Ponozzo and Trautman stood behind the gate while the assault occurred for about three to five minutes and did not immediately stop the assault; they called S&E and waited for S&E to arrive. (Dkt. no. 124 at 2; dkt. no. 124-1 at 6.) The Magistrate Judge did not improperly credit Plaintiff with making an argument that Plaintiff did not allege as Defendants contend. Defendants contend it was reasonable under that situation for Ponozzo and Trautman to wait, but that question must be left for the jury. A rational trier of fact could find that it was unreasonable for Ponozzo and Trautman not to intervene.

### B.     Counts VII and VIII

Defendants argue that summary judgment should be granted on both the retaliation claim (count VII) and the excessive force claim (count VIII) because "they *subjectively* believed their actions were needed to preserve security." (Dkt. no. 132 at 7.)

6

1  They cite to evidence that Plaintiff admitted stating to Daniel on the return from the
2  haircut that "What's your problem?" and that Plaintiff then raised his hands palm out. (*Id.*)
3  They argue that a rational jury would find that handcuffing Plaintiff was a reasonable
4  reaction in light of Plaintiff's comment and gesture. (*Id.*) Defendants further argue that
5  the evidence does not support Plaintiff's claim in counts VII and VIII that Brooks failed to
6  intervene when Lefler and Daniel engaged in the alleged use of force. (*Id.* at 8.)

7  The incident that gave rise to counts VII and VIII involved an alleged attack on
8  Plaintiff. Plaintiff claims that the same day, after he filed an emergency grievance relating
9  to tampering with his food tray, he got a haircut in the bubble area. (Dkt. no. 124-1 at
10 12.) According to Plaintiff, Daniel and Lefler were verbally harassing him. (*Id.*) Once they
11 got to his cell, Plaintiff turned around and asked, "gestured [his] arms" (where his hands
12 were "open-palmed" and slight raised) and asked them "What's your problem?" (*Id.* at
13 13.) Plaintiff claims the officers then grabbed him and slammed him into the wall and
14 pushed him against it and placed him in restraints. (*Id.*) He testified that Brooks was the
15 one who grabbed him and put him against the wall, but Lefler placed the handcuffs on
16 him. (*Id.*) Brooks walked away to ask for S&E to be called but Lefler and Daniel then
17 slammed his face into the wall pressing his body against the wall. (*Id.*) Thus, according
18 to Plaintiff, he was not merely handcuffed after he made the gesture with his arms.

19 When a prison official stands accused of using excessive physical force in
20 violation of the cruel and unusual punishment clause of the Eighth Amendment, the
21 question turns on whether force was applied in a good-faith effort to maintain or restore
22 discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v.*
23 *McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).
24 In determining whether the use of force was wanton and unnecessary, it is proper to
25 consider factors such as the need for application of force, the relationship between the
26 need and the amount of force used, the threat reasonably perceived by the responsible
27 officials, and any efforts made to temper the severity of the forceful response. *Id.* at 7.
28 ///

Viewing the facts and drawing all reasonable inferences in Plaintiff's favor, a rational trier of fact could find that Defendants Daniel, Lefler and Brooks did not have a good faith basis to believe that Plaintiff needed to be grabbed, pushed against the wall and placed in restraints after Plaintiff asked them, "What is your problem," and gestured with his arms. These Defendants did not just handcuff him, as Defendants suggest, but, according to Plaintiff, they grabbed him and pushed him against the wall before placing him in restraints. Defendants also ignore Plaintiff's allegations of verbal harassment that preceded the use of force, and the amount of force that was purportedly used. With respect to Daniel and Lefler, a rational trier of fact could find that they acted maliciously based on the use of additional force — Plaintiff testified they purportedly slammed his face and pressed him against the wall after he was already in handcuffs. (Dkt. no. 124-1 at 13.)

### C.    Count IX

Defendants assert two specific arguments in objecting to the Magistrate Judge's recommendations. First, they reiterated the argument, which the Magistrate Judge rejected, that the injuries did not commensurate with Plaintiff's claim of a 20 minute beating. (Dkt. no. 132 at 11-12.) Again, the Court must liberally construe Plaintiff's *pro se* complaint such that his claim would survive even if the beating lasted less than 20 minutes. Moreover, as the Magistrate Judge correctly noted, Plaintiff undisputedly suffered injuries regardless of the length of the attack. (Dkt. no. 131 at 18.) Defendants' argument that Plaintiff's injuries were inconsistent with a 20 minute beating is unconvincing.

Second, Defendants argue that they have offered evidence that Gibson, Smith, Espinosa and Volden were either not present or did not participate in use of force that gave rise to count IX.[1]  (Dkt. no. 132 at 9-11.) The incident involved Defendants either

---

[1] Defendants contend that that the Magistrate Judge suggests they cannot raise alternative defenses by arguing a lack of evidence and pointing out deficiencies in Plaintiff's testimonies. (Dkt. no. 132 at 9.) The Court does not share Defendants' interpretation of the R&R.

beating or watching while Plaintiff was purportedly being beaten. (Dkt. no. 124-1 at 15-16.) Plaintiff's testimony must be viewed in this context, and all reasonable inferences must be drawn in his favor as the non-moving party. Defendants offered a shift roster to show that Gibson was not at the prison at the time of the alleged beating. (Dkt. no. 124-8.) However, Plaintiff testified that Gibson was present during the incident and was talking to another officer and then walked in front and stopped. (Dkt. no. 124-1 at 15-16.) The question of whether Gibson was present during the incident presents a quintessential issue of disputed material fact that must be resolved by the trier of fact. As to the other Defendants, Plaintiff testified that (1) Smith (who he knows as Spivy) was in the second transfer cart but was "sitting down watching" and Plaintiff remembered Smith saying that he deserved it (*id.* at 16); (2) while Plaintiff had his face pushed on the cart, he was facing Espinosa "and the whole time Espinosa is just like 'Oh, you're going to die. Your mother is going to have to bury you, Look at you. She's going to be crying." (*id.* at 15); (3) Plaintiff knew Volden was present because Volden was standing next to Lefler before Lefler put his boot on the back of Plaintiff's neck (*id.*). Viewing this testimony and drawing all inferences in the light most favorable to Plaintiff, a rational trier of fact could find that these Defendants were present and participated in the use of force.

In sum, the Court agrees with the Magistrate Judge's recommendations and will adopt the R&R.

**V.  CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 131) is accepted and adopted in its entirety.

It is further ordered that Defendants' Motion for Summary Judgment (dkt. no. 124) is denied in part and granted is part as follows:

(1) The Motion is denied as to Defendants Ponozzo and Traustman in Count I and granted as to Defendant Vilora in Count 1;

(2) The Motion is granted as to County VI;

(3) The Motion is denied as to Count VII;

(4) The Motion is denied as to County VIII;

(5) The Motion is denied as to Count IX;

(6) The Motion is granted as to Defendants Smith, Gibson and Brooks only in Count X, and denied as to Defendants Lefler, Stevens, Daniel and Volden in Count X;

(7) The Motion is granted as to Defendants Smith, Gibson, and Brooks only in Count XI and denied as to Defendants Lefler, Stevens, Daniel and Volden in Count XI;

(8) The Motion is granted as to Count XIII; and

(9) The Motion is granted as to Count XVI (against Kyker).

The Clerk is directed to enter judgment in favor of Defendants Vilora and Kyker in accordance with this Order.

DATED THIS 22nd day of March 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE